

David A. Ettinger
Office: 313.465.7368
Mobile: 313.690.7767
dettinger@honigman.com

*Via ECF*

April 8, 2024

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
PO Box 7367
Syracuse, NY 13261

*Re:   **St. Joseph's Hospital Health Center v. American Anesthesiology of Syracuse, P.C., et al, Case No. 24-cv-276***

Dear Judge Sannes,

  Plaintiff St. Joseph's Hospital Health Center ("St. Joseph's") is sending this letter motion seeking clarification regarding the scheduling of an evidentiary hearing in the captioned matter on April 15, 2024, as well as (if the hearing is to go forward) the scope of that hearing:

1. As the Court is aware, the parties have expressed conflicting views as to whether such a hearing is necessary. *See* ECF No. 43 at p.8, ECF No. 44 at p.7. We would appreciate a communication from the Court as to whether it now believes that such a hearing is needed.

2. If the Court concludes that an evidentiary hearing is appropriate, St. Joseph's believes that it would be helpful if the Court identified the issues which it believes are material and disputed, so that the parties can limit the testimony to those issues. Without such a clarification, St. Joseph's is concerned that the scope of the testimony may be broader, and more extensive, than necessary, and might cause the evidentiary hearing to continue beyond April 15, 2024.

    The parties have discussed this issue and the other issues addressed below. Defendants' position is that the parties may disagree as to what is disputed, and should confer on this issue. St. Joseph's view is that it is not enough that an issue be disputed, but it must also be material to the Court's decision. (St. Joseph's does not believe that there are any such issues.) St. Joseph's believes that guidance from the Court as to the issues (if any) which it would like to see addressed at an evidentiary hearing would be very helpful.

3. St. Joseph's also believes that the witnesses at any evidentiary hearing should be limited to those persons who have submitted declarations to date on behalf of the party presenting them as witnesses. Additionally, the subjects of the witnesses'

**HONIGMAN**

Hon. Brenda K. Sannes
April 8, 2024
Page 2

    testimony ought to be limited to the subjects in the declarations which have been disputed. Since the parties have had ample opportunity to submit declarations in support of their positions, this ought not to be a "trial by surprise."

    Defendants are unwilling to agree to any of these limitations.

4.     We also think it would be appropriate for the Court to limit the amount of testimony from each side, so that the hearing can be conducted expeditiously. St. Joseph's would suggest a limit on testimony of one hour total for direct testimony and one hour of cross-examination for each side. If the Court wishes to entertain oral argument, each party could then do so for 30 minutes.

    Defendants believe that it is premature to set these limits.

5.     We also believe that since Defendants are the movants here, and have requested the evidentiary hearing, that they should identify witnesses and exhibits in advance of the hearing, with St. Joseph's to do so two days later. We believe it would be appropriate to require this sequence on either Tuesday and Thursday of this week or Wednesday and Friday of this week.

    Defendants believe that the parties should simultaneously identify witnesses and exhibits. St. Joseph's believes that this is not appropriate, given that Defendants are the movants and have the burden of proof.

6.     St. Joseph's believes that the evidentiary hearing should supplement, but not replace, the existing declarations and attachments. The parties are in agreement on this issue.

Thank you very much. We appreciate any further direction and clarification from the Court.

    Very truly yours,

    HONIGMAN LLP


    /s/David A. Ettinger
    David A. Ettinger

cc:     All counsel of record
    (via ECF)